## HARRIS v SOVEREIGN CAMP WOODMEN OF THE WORLD

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3112.   Decided Feb. 19, 1940.

James N. Nicholson. Columbus, for plaintiff-appellant.

John F. Seidel, Columbus. for defendant-appellee.

### OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

In the court below jury was waived and the cause submitted on the pleadings and the evidence. The pleadings consist of the plaintiff's petition, the defendant's answer and the plaintiff's reply.

The only evidence submitted was a deposition containing evidence of one Farrar Newberry, secretary of the Sovereign Camp of the Woodmen of the World, taken on behalf of the defendant in Omaha, Nebraska, and to which are attached a number of exhibits.

The bill of exceptions contains some eighteen pages, which started out as trial statements but through the colloquy between counsel finally develops into stipulations as to practically all issues, so that in effect there are no disputed questions of fact.

Plaintiff, through his petition, sought to recover a personal judgment in the sum of $600.00 with interest. Plaintiff's cause of action was predicated upon an indemnity security issued by defendant to one F. William Frederick in his lifetime.

On September 22, 1906, said F. William Frederick joined the defendant society and became a member of one of the Columbus, Ohio local camps, which was one of the subordinate lodges of the defendant.

On the same day the defendant issued to the said Frederick certificate No. 20814, in the sum of $2000.00 death benefits, in which certificate Amelia Frederick, wife of F. Williams, was named as beneficiary.

On November 3, 1930, Mrs. Frederick, the beneficiary, died. Thereafter F. William Frederick sought to have his estate made beneficiary, but upon presenting his application to that effect, same was returned with a letter advising him that under the law, together with a constitution and by-laws of the association, his application could not be granted; and further advising that the beneficiary named under the constitution and by-laws "shall be wife, children, adopted children, parent, brothers, sisters, and other blood relations, father-in-law, mother-in-law, daughter-in-law, son-in-law, sister-in-law, brother-in-law, stepfather, stepmother, stepchildren, stepbrother, stepsister, or persons dependent upon the member."

The application was then changed by running a line through the name of the originally designated beneficiary and inserting the name, "Harold K. Harris," and the word "nephew" so that the beneficiary clause read: "I hereby direct that the benefit under my new certificate be made payable to Harold K. Harris, related to me as nephew."

It is uncontroverted that the reduced amount from $2000.00 to $600.00, was the paid-up value at the time of the transfer and this amount was agreed upon by the parties.

F. William Frederick died August 18, 1935, and thereafter the named beneficiary, Harold K. Harris, duly presented proof of death and demanded payment in the sum of $600.00, provided for in said certificate.

Following the presentation of the proof of claim, certain questions not being satisfactorily answered on the printed form, the association asked for affidavits confirming claimant's relationship to the insured. Through this data it developed that the plaintiff was not a nephew of the insured, but was a nephew of the deceased wife of the insured. The association then refused payment for the reason that claimant was not one permitted to be a beneficiary under the constitution and by-laws of the association or the laws of the State of Ohio at the time he was named as such beneficiary.

This presents the sole question for determination.

Counsel for the respective parties have submitted very able briefs. We have examined carefully all authorities cited.

In the final analysis we find that the trial court in its written opinion on the merits and in overruling the motion for a new trial has so fully and correctly passed upon every question raised through the pleadings and the briefs, that it can serve no useful purpose to write anything further.

In the written opinion of the trial court it is stated that the only troublesome question was raised by the provision of incontestability provided by Sec. 81 of the constitution and by-laws adopted in 1929. However, it was the court's opinion that the society was without power or authority to make incontestable the question of whether a named beneficiary comes within the class of persons for which the society is authorized by law to provide. While no authorities are cited in the opinion supporting the above announcement, we have been referred to and now cite the case of Stevens v Woodmen of the World, 71 Pacific, 2d series (Montana), page 898. Syllabi 11 and 12 read as follows:

"11. Generally, incontestability clause in fraternal life insurance policy does not prevent insurer from defending action thereon on ground of want of insurable interest after expiration of contestable period."

"12. Incontestability clause in fraternal life insurance policy does not prevent insurer from raising question of beneficiary's qualification to take thereunder at time of insured's death in action thereon."

We also refer to the opinion on page 904 at the bottom of the second column, and at page 905 at top of first column. In deciding the above case the Supreme Court of Montana divided 3 to 2. The majority opinion affirmed the judgment of the lower court in favor of the plaintiff. Both the majority and dissenting opinions are in accord on the question of incontestability. It was the view of the Chief Justice writing the dissenting opinion, concurred in by one associate, that the plaintiff's action should have been dismissed.

In the instant case, finding as we do that the judgment of the trial court was correct, and further agreeing with the trial court in his written opinions both on the merits and overruling motion for new trial, and finding no prejudicial error, the judgment of the lower court will be affirmed and costs adjudged against the appellant.

Entry may be drawn accordingly.

HORNBECK, PJ. & GEIGER, J., concur.